MAURICE SHEEHAN, Appellant, v. T. J. PROSSER *et al.*, Respondents.

St. Louis Court of Appeals, December 19, 1893.

1. **Master and Servant:** NEGLIGENCE OF FELLOW SERVANT. While a building was in process of erection, lumber was hoisted to one of the upper floors by means of apparatus operated by steam power. *Held*, that one of the workmen, who received the lumber thus hoisted, and the engineer in charge of the engine by which the steam power was generated, were *prima facie* fellow servants within the rule making the negligence of a fellow servant a risk incident to the employment.

2. ———: ———: PLEADING. The defense, that personal injuries sued for were caused by the negligence of a fellow servant of the plaintiff, is available in an action by a servant against his master without being specially pleaded.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Dodge & Mulvihill* for appellant.

(1) The defense of a fellow servant was not set up in the answer of defendant, and hence not applicable. The averment of contributory negligence is not sufficient to let in the defense that the injury was caused by a fellow servant. *Higgins v. Railroad*, 43 Mo. App. 548; *Conlin v. Railroad*, 36 Cal. 404; *Northrup v. Ins. Co.*, 47 Mo. 435; Deering's Law of Evidence, sec. 202; Revised Statutes, 1889, sec. 2049; *Newham v. Kenton*, 79 Mo. 382. It was a usurpation by the court of the province of the jury to withdraw the case from the consideration of the jury. *Ball v. City of Independence*, 41 Mo. App. 476. (2) Plaintiff was not a fellow servant of the foreman, Daze, or the engineer, Reed; as to plaintiff they were vice-principals, and defendants are liable. *Dutzi v. Geisel*, 23 Mo. App. 676; *Miller v. Railroad*, 109 Mo. 350; *Foster v. Railroad*, 21 S. W. Rep. 916; 2 Thompson on Negligence, sec. 521, p. 899; *Long v. Railroad*, 65 Mo. 225; *Parker v. Railroad*, 109 Mo. 362; *Dixon v. Railroad*, 109 Mo. 413.

*C. P. & J. D. Johnson* for respondents.

If there is evidence tending to show that appellant was injured by the negligence of anyone, it was by that of the engineer, the fellow servant of appellant, and

for whose acts in that behalf the respondents are in nowise liable. *Moran v. Brown*, 27 Mo. App. 491; *Corbett v. Railroad*, 26 Mo. App. 629; *Higgins v. Railroad*, 104 Mo. 419; *Parker v. Railroad*, 109 Mo. 378. And to entitle appellant to hold respondents, or either of them, responsible for the negligent act of the engineer, it devolved upon him to show affirmatively that the engineer was not his fellow servant, but the vice-principal of the respondents. *McGowan v. Railroad*, 61 Mo. 532; *Marshall v. Schricker*, 63 Mo. 311; *Blessing v. Railroad*, 77 Mo. 413. Hence, it was not necessary to set up in the answer, as a defense, the fact that appellant was injured by the negligence of a fellow servant. Proof of that fact necessarily negatived the allegation in the petition, that appellant was injured through the negligence of respondents, and a denial of the allegation by the answer put the same in issue. *Greenway v. James*, 34 Mo. 328; *Hoffman v. Parry*, 23 Mo. App. 29; *Kersey v. Gasten*, 77 Mo. 647; Bliss on Code Pleadings, par. 352; *Northrup v. Mississippi*, 47 Mo. 647.

BIGGS, J.—The defendant, Prosser, had the contract for the construction of a building for his codefendant, the Kelly-Goodfellow Shoe Company. The plaintiff was employed about the building as a day laborer. He was injured by being thrown from the third story of the house.

The petition stated substantially that, at the time the plaintiff received his injuries, he and his coemployees about the building were engaged in hoisting lumber to the third floor of the house by means of a derrick, with ropes and pulleys attached, and that the power was furnished by a steam engine; that the plaintiff, with three others, was on the top of the building, and that they were engaged in receiving the pieces of

lumber which were lashed together with ropes and chains, and that while the plaintiff was thus engaged he was, by a sudden and unexpected movement of a load of lumber, struck and precipitated to the ground, thereby greatly injuring him. The liability of the defendants was based on their alleged negligence in requiring the plaintiff to work on the third floor of the building, and also on the alleged negligence of the engineer in wrongfully and suddenly starting up the engine, thereby causing the load of lumber to swing out and knock the plaintiff off the building. The answer contained a general denial, and also a plea of contributory negligence.

On the trial the plaintiff testified in his own behalf, and at the conclusion of his testimony his counsel, in answer to a question propounded by the court, announced that the plaintiff based his right of recovery *solely* on the negligence of the engineer. Counsel also announced that the other evidence, which they proposed to introduce, would merely corroborate and in nowise change the statements made by the plaintiff concerning the facts and circumstances attending the accident. Thereupon the court "ruled" (as the record reads) that the plaintiff under the law and evidence could not recover. This was tantamount to sustaining a demurrer to the plaintiff's evidence, and we will so treat it.

It was conceded by the plaintiff's counsel on the argument that no case was made against the Kelly-Goodfellow Shoe Company; but it is insisted that the court erred in sustaining the demurrer to the evidence as to Prosser.

A few extracts from the plaintiff's testimony concerning the engineer and his duties, and what took place at the time the plaintiff was hurt, will best illustrate the underlying facts of the case:

"*Q.* Who was in charge of the engine? *A.* George Reed.

"*Q.* How long had he been in charge of it? *A.* Well, he had been there about two or three days, I think.

"*Q.* Do you know what his duties were? *A.* Yes, sir; to take care of the engine; that is all I know.

"*Q.* What did he do? *A.* Well, just hoist and lower the lumber.

*The Court:* "*Q.* Did he have anything to do with tying up the boards or adjusting the ropes to it? *A.* No, sir.

"*Q.* Or did he simply manage the engine? *A.* Managed the engine.

"*Q.* Fired up, and started it and stopped it? *A.* Yes, sir.

"*Q.* Whom did he work for? *A.* Well, he must have worked for the same man I did. * * *

"*Q.* Did you at any time give any orders or instructions to the engineer in regard to the manner or time in which he should hoist? *A.* No, sir; I did not.

"*Q.* Was that any part of your duty? *A.* No, sir.

"*Q.* You did not undertake to exercise it? *A.* No. * * *

"*Q.* Did anyone call to him? *A.* No.

"*Q.* No signal given to him? *A.* No signal at all.

"*Q.* Isn't it a fact that he saw the lumber go up, and, when he saw it go around out of sight, he lowered it to let it down? *A.* I suppose so.

"*Q.* That is the way it was done? *A.* I suppose it was; I didn't hear any one give any signals.

"*Q.* At no time? *A.* No time at all.

"*Q.* You never heard any of your companions there hallo to him to raise or lower away? *A.* No.

"*Q.* Things up to the time of the accident ran very smoothly; there was no hitch of any kind? *A.* There was none.

"*Q.* Of your own knowledge do you know what made that pile of lumber move? *A.* Yes; the engine.

"*Q.* Did you see it? *A.* Well, I did not, but nothing else could move it.

"*Q.* That is your reasoning, or supposition, then? *A.* Well, there was no other power to move it.

"*Q.* You did not see the engine move? *A.* No; but the lumber moved.

"*Q.* And brushed you off? *A.* Yes.

*The court:* "*Q.* The sling had not been taken off the lumber yet, and it was still attached to the hoisting rope? *A.* Yes, sir."

Under the facts testified to by plaintiff *prima facie* he and the engineer were fellow servants. They were engaged in a common work, and were so situated that they could observe the conduct and delinquencies of each other and report to a common master for redress. If a different relationship existed, of which there is not a scintilla of evidence, it devolved on the plaintiff to show it. *McGowan v. Railroad*, 61 Mo. 528; *Blessing v. Railroad*, 77 Mo. 411.

The rule as to who are fellow servants is thus stated in *Moore v. Railroad*, 85 Mo. 594: "All are fellow servants, who are engaged in the prosecution of the same common work, leaving no dependence upon or relation to each other, except as colaborers without rank, under the direction and management of the master himself, or of some servant placed by the master over them."

In the case of *Relyea v. Railroad*, 112 Mo. 86, the following statement of the rule was adopted: "They are coservants who are so related and associated in their work that they can observe and have an influence over each other's conduct and report delinquencies to a common correcting power." If either test is applied to the facts proven, the conclusion is unavoidable that the plaintiff and the engineer were fellow servants.

As the evidence tends to show that the plaintiff was injured solely through the negligence of the engineer, it necessarily follows that there can be no recovery against the defendant, Prosser. It is useless to cite cases in support of the proposition, that the master can not be made to answer for injuries to one of his servants resulting from the negligence of a fellow servant.

The defense, that plaintiff was injured through the negligence of a fellow servant, was available to the defendants without having been specially pleaded. Proof of that fact necessarily disproved the averment that the plaintiff was injured through the negligence of the defendants. *Hoffman v. Parry*, 23 Mo. App. 20; *Northrup v. Ins. Co.*, 47 Mo. 435. The rule is that anything may be shown under a general denial, which tends to prove that the cause of action stated never existed. *Greenway v. James*, 34 Mo. 326; Bliss Code Pleading, par. 352.

The plaintiff relies on the decision of the Kansas City Court of Appeals in the case of *Higgins v. Railroad*, 43 Mo. App. 548, as establishing a contrary doctrine. The court there intimates and cites some authorities in support of the proposition, that such a defense ought to be specially pleaded. But the point is merely suggested and not decided.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.