## KAMINSKI, Appellant, v. TUDOR IRON WORKS.

### Division One, March 12, 1902.

1. **Negligence: DEFECTIVE MACHINERY: OPINION OF EXPERTS.** Expert witnesses who are familiar with the machinery, to whose defects plaintiff charges his injury (such as the foreman of ironworks, the master mechanic, the head roller, the president of the defendant company, who was a civil and mechanical engineer and had seen the machinery in actual operation for eighteen years), may give opinions based on their own actual knowledge of the condition of the machinery. Their opinion can not be limited to answers to hypothetical questions based on facts detailed by others.

2. ———: **CONTRIBUTORY NEGLIGENCE: INSTRUCTIONS.** Where plaintiff's injury may properly be said to have resulted from his own negligence, defendant is entitled to an instruction presenting the defense of contributory negligence.

3. ———: **FELLOW-SERVANT: INSTRUCTION.** Where plaintiff's injury may properly be said to have resulted from the negligence of fellow-servants, defendant is entitled to an instruction relieving it of damages, on the ground that the injury was chargeable to fellow-servants.

4. ———: **PLEADING NEGLIGENCE OF FELLOW-SERVANT.** It is not necessary that defendant plead that the injury was due to the negligence of plaintiff's fellow-servants. That defense does not admit any negligence on the part of defendant, but strikes at the root of plaintiff's cause of action, and, hence, is raised by a general denial. In this respect it is different from the plea of contributory negligence, which is in the nature of a confession and avoidance.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz,* Judge.

AFFIRMED.

*Sterling P. Bond* for appellant.

(1)   In no case should expert or opinion testimony be received except it be based upon facts already established and asked of witnesses duly qualified as experts.   2 Rice on Evidence, 328, 358; Kaiser v. Railroad, 66 Mich. 390; Van Wycklen v. Brooklyn, 118 N. Y. 430; U. S. v. Pendergast, 32 Fed. 201; Hopt v. Utah, 120 U. S. 437; Senn v. Railroad, 108 Mo. 150; Russ v. Railroad, 112 Mo. 48; Colb v. Sandwich Co., 36 Ill. App. 424; Benjamin v. Railroad, 50 Mo. App. 607.   (2) It was the duty of the master to furnish a sufficient force of men.   Craig v. Railroad, 54 Mo. App. 526; Stoddard v. Railroad, 65 Mo. 514; Bemis v. Railroad, 58 Vt. 639; Claybaugh v. Railroad, 56 Mo. App. 630.   (3) In an action by a servant against his master, for injuries received through the negligence of the master, the presumption is that plaintiff performed his duty until the contrary is shown.  Stepp v. Railroad, 85 Mo. 229; Petty v. Railroad, 88 Mo. 306; Bluedorn v. Railroad, 108 Mo. 448; Keegan v. Kavanaugh, 62 Mo. 230; Lee v. Geo. Knapp & Co., Publishers, 137 Mo. 385; Winters v. Railroad, 39 Mo. 475.   (4) There was no defense set up in the answer that Kaminski's fellow-servants contributed to his injury, and there was no testimony to the effect that his fellow-servants contributed to his injury; hence, the court erred in giving instruction 3 for the defendant. Hudson v. Railroad, 101 Mo. 29; Seckinger v. Mfg. Co., 129 Mo. 602.   (5) The court erred in giving instruction 4 at the request of the defendant.   (6) The court erred in permitting defendant's witness, Hanspeter, to testify that the company paid the doctor bill for plaintiff, as the plaintiff did not claim any obligation on the part of the defendant on that account. Morris v. Railroad, 100 Mo. 505.

*G. A. Finkelnburg* for respondent.

(1) The admissibility of expert testimony is largely in the discretion of the trial judge, with which discretion appellate courts will not ordinarily interfere. Helfenstein v. Medart, 136 Mo. 615. (2) The witnesses whose opinions were asked in regard to the construction and operation of the machinery here in controversy were qualified as experts by long practical experience. Theoretical education is not necessary in such cases. Lawson on Expert Testimony, pp. 70 and 210; Rogers on Expert Evidence, secs. 109, 110; Oil Co. v. Gibson, 63 Pa. St. 146; Goins v. Railroad, 47 Mo. App. 181; McPherson v. Railroad, 97 Mo. 255. (3) Hypothetical questions formally reciting all the facts in evidence are not required when the witness has personal knowledge of the facts on which his opinion is asked. Rogers on Expert Evidence, pp. 70-75; Lawson on Expert Testimony, rule 42, p. 257; Railroad v. Bailey, 11 Ohio St. 337; Brown v. Huffard, 69 Mo. 305. (4) If the evidence shows that the accident was caused by the neglect of plaintiff's fellow-workmen, that is, by third persons for whom defendant is not responsible to plaintiff, then plaintiff has simply failed to make out a case and defendant is not liable. It is not necessary to plead this defense specially in the answer. It is one of the issues in the case under a general denial. Sheehan v. Prosser, 55 Mo. App. 569; Wilson v. Railroad (S. Car.), 28 S. E. 91; Sayward v. Carlson, 1 Wash. 29. The principle is also recognized in Young v. Kansas City, 27 Mo. App. 101; Greenway v. James, 34 Mo. 328; Secking v. Philibert, 129 Mo. 599; Marshall v. Schricker, 63 Mo. 308; Murray v. Railroad, 98 Mo. 573. And it is too late to raise this question of pleading at this time and in this court. Epperson v. Tel. Co., 155 Mo. 370. (5) As to the foregoing and all other questions raised by appellant's brief in this case, it is further submitted that upon the whole record the judgment in this case was so evi-

dently for the right party that the court will not disturb it on account of any hypercritical objections to the rulings of the court below on questions of evidence and practice. In other words, nothing has occurred during the trial of this case which can be construed into reversible error. Secs. 658 and 865, R. S. 1899; Young v. Hudson, 99 Mo. 102; Rodney v. McLaughlin, 97 Mo. 426; Bartley v. Railroad, 148 Mo. 124.

ROBINSON, J.—This is a suit by plaintiff to recover damages for the loss of a thumb alleged to have been caused by the negligence of defendants. The negligence charged in plaintiff's petition is twofold: first, the failure of defendant to provide a reasonably safe appliance with which to do the work he and others engaged with him were required to perform, in this, that the derrick or hoisting machine (at which he and his co-laborers were working) was not furnished with a brake-dog to arrest or stay the load that was placed upon its arms or crane, while being hoisted or lowered by use of the machine; and, secondly, because of the failure of defendant to furnish a sufficient number of men to operate the derrick when so heavily loaded, as upon the occasion of plaintiff's injury. The answer is a general denial with a plea of contributory negligence on the part of plaintiff. The case was tried by a jury under instructions from the court, and resulted in a verdict and judgment for defendant, and plaintiff, after the usual steps taken, has brought the case here for review.

Appellant's first and chief assignment of error is to the action of the trial court in permitting, over his objection, several witnesses called by defendant (who were shown to be perfectly familiar with the appliance at which plaintiff was at work when he received his injury), to testify as experts upon the questions as to whether in their opinion a brake or dog upon such a machine was practicable or otherwise; and also to give their opinion from their personal knowledge of the appliance

Vol 167 mo—30

used, as to the number of men necessary to operate it with safety to those employed, when hoisting or lowering a load such as was shown at that time to have been placed upon the machine.

The witnesses called by defendant were the foreman of defendant's works where the plaintiff was employed, the master mechanic at the works, the machinist, the head roller, and the president of defendant company, who was also shown to be a civil and mechanical engineer, and who caused the derrick to be constructed, and had seen it in constant use for a period of eighteen years.

Appellant's contention, as we are able to gather it from his brief, seems to be that expert testimony in matters of this character can be given only upon a hypothetical question put to each witness called; that the witness called as an expert can give his opinion only on facts shown in evidence by others, and assumed to be true, as a basis for his opinion.

While it is true, that the opinion of an expert witness must be based upon the facts of the case (and generally, as detailed in the testimony of some previous witness or witnesses), we can see no reason why a witness should not be allowed to give his opinion on the same facts, presumably within his own personal knowledge from a long and familiar association and contact with the thing or fact about which his opinion as an expert is sought, without requiring the attorneys conducting the examination to go through the useless form of reciting to the witness a description of a hypothetical machine (as the one at which plaintiff was working) with all of its attachments, connections and appliances, defective as the verbal photograph by the examining attorney must of necessity be as compared with the likeness of the machine in the mind of the witness who has daily observed and directed its operations for years; or of a witness who had previously examined and studied the machine with a view of qualifying himself as a witness in the case. All the witnesses called by plaintiff

were asked to give testimony based upon their personal knowledge of the machine, and of what they had actually seen with their own eyes of the working of the machine, which to us, would seem much more satisfactory than an opinion based on a mere hypothesis, put to them in an abstract form. The rule as laid down by all the text-writers upon expert testimony is that an expert may give an opinion based on a state of facts which he himself has witnessed or with which he is familiar, as well as upon facts which are detailed to him by other witnesses, which are put to him in the form of a hypothetical question.

To have described a hypothetical machine with all its parts and complications in each question propounded to the witnesses called by defendant, who were shown not only to have been experts in the use of such machinery as was being used by plaintiff where he received his injury, but who had personal familiarity with the identical machine, would not only have been useless, but would have been an idle waste of time to no purpose, and this the law never requires to be done.

If the knowledge of any material fact, about which the witnesses called to testify for defendant, was defective, and not what it should have been, from one testifying as an expert, the fullest opportunity to show that fact was yet afforded plaintiff on cross-examination. No possible harm can result from such a mode of examining expert witnesses, and much valuable time can thereby be saved, and the practice is to be commended rather than condemned. There is no merit in this contention of appellant.

Appellant's next contention is that the trial court erred in giving instructions numbered 2 and 3 asked by defendant, which read as follows:

"2. If the jury find from the evidence that plaintiff himself was careless or negligent at the time or place of the accident, and that such negligence directly contributed to the injury which he sustained, then plaintiff can not recover dam-

ages in this case and the verdict should be for the defendant.

"3.   The jury are further instructed that defendant is not responsible for the negligence of plaintiff's fellow-servants, if the jury believe from the evidence that plaintiff's fellow-servants were guilty of negligence, and that such negligence caused the accident by which plaintiff was injured.   The term 'fellow-servants,' as used in this instruction, means those who are engaged with the plaintiff in the same work without any relation to each other than as co-laborers and without rank;" for the reason, as he asserts, there is no evidence upon which to predicate instruction numbered 2, on the subject of plaintiff's contributory negligence; or of the negligence of his fellow-servants, contributing to his injury, upon which instruction number 3 is predicated.   One of the theories upon which this case was tried by the plaintiff was that defendant had not employed enough men to operate the machine while engaged in hoisting and lowering heavy weights such as was imposed upon the machine at the time plaintiff received his injuries; while defendant tried the case upon the theory that the number of men employed at the machine at the time was ample, and that plaintiff and those engaged with him in turning the crank or handle of the machine were negligent in letting go of or in releasing their grip upon the handle or crank of the machine, by means of which their power was communicated to the weight of the object that was being hoisted or lowered with the machine, and that in carelessly releasing their hold upon the handle or crank of the machine, before the object they were engaged in hoisting or lowering was properly located, it was caused to fall to the ground with great speed, and in its rapid descent to the ground it in turn caused the crank or handle, which plaintiff and his co-laborers were engaged in turning, to revolve at a like rapid rate of speed, and in its rapid motion plaintiff. in some manner. was struck and injured (or by a stroke from the fast-revolving handle he was thrown or knocked into a cogwheel of the machine where he was injured).

In the offer of testimony by the defendant, to the effect that the plaintiff, and all those employed with him in turning the crank or handle of the machine, had carelessly released their hold upon it before the object they were engaged in hoisting had yet been located in its proper place, and where it would have rested without falling, and that in so doing, the crank or handle of the machine was caused to revolve at a dangerous and furious rate of speed whereby plaintiff was injured, was evidence tending to show negligence of both plaintiff and all of his fellow-servants contributing to his injury.

It certainly can not be said, because the testimony showed that others acted with the plaintiff in bringing about a result that culminated in his injury, that that is not evidence tending to show that plaintiff's conduct contributed to his injury; or that because plaintiff, acting with other co-employees, caused a result that brought about his injury, that it might not be said that they, too, contributed to his injury.

Plaintiff's injury might properly be said to have resulted from his own negligence, or from that of his fellow-servants employed with him at the time, from the one fact shown, that all joined in the act that ultimately caused plaintiff's injury. The carelessness of plaintiff in the matter was no excuse for the disregard of duty of his fellow-servants in the premises, as their disregard of duty was no excuse for plaintiff's carelessness in the performance of his work in such a manner that he was thereby injured. Plaintiff is no more to be relieved from the carelessness of his conduct, because committed in company and jointly with his co-employees, than he can be relieved from that of his co-employees, committed jointly and in company with himself. Upon the same testimony as to the joint and common conduct of both plaintiff and his co-employees, engaged with him in working at the machine at the time of his injury, the defendant was entitled to have both instructions numbered 2 and 3, and the jury might upon the same state of

facts have made a finding upon the theory of either or both instructions in favor of the defendant.

It is furthermore urged by appellant that the court erred in the giving of instruction numbered 3, because the defendant did not plead in its answer as a defense to plaintiff's cause of action that the act of a fellow-servant or fellow-servants with plaintiff contributed to his injury; that as defendant had not raised that issue by the pleadings, it was not entitled to have the question submitted to the jury by instruction.

Plaintiff's argument, and the citation of authorities offered to sustain his position in this regard, shows that he erroneously likens the negligence of a fellow-servant to contributory negligence on part of plaintiff. In this he is clearly wrong. The two defenses are widely dissimilar. The defense of "contributory negligence" on part of a plaintiff, interposed by a defendant, is in the nature of a plea in confession and avoidance, and it has been held for that reason by this court, it must be specially pleaded by a defendant to be availing to him. The plea impliedly admits some negligence on part of the defendant, but seeks to avoid its consequence by charging that plaintiff himself contributed to the injury complained of. It is a matter pleaded by defendant to avoid the consequences of his own act, and for that reason, the rule has been adopted that it must be specially pleaded by defendant. Upon the other hand, the defense that plaintiff's injuries received, were caused by the negligence of a fellow-servant, does not admit any negligence on part of the defendant, but strikes at the very root of plaintiff's cause of action and disposes of it if true.

The averment of an answer, that another, or others than defendant, did the act of which defendant is charged with having done to the injury of a plaintiff, is nothing more than a denial of the averments of the petition, that defendant is guilty of the charges made, as the basis of plaintiff's cause of action; and the rule has ever been that anything may be shown under

a general denial which tends to prove that the cause of action stated never existed. [Bliss, Code Pleading, par. 352.]

The reason for a special plea, as in confession and avoidance, fails entirely of application in a case where a defendant relies upon the fact, as here, that it did not do the act charged, and as proof of that fact, shows that another, for whose act defendant is not responsible to plaintiff, did the wrong charged to defendant.

Finding no error in the action of the trial court, its judgment is affirmed.

All concur, except *Valliant, J.,* absent.