ARTHUR PECHER, Respondent, v. WILLIAM HOWD, Appellant.*

St. Louis Court of Appeals. Opinion filed June 18, 1925.

1. **PLEADING: Answer: General Denial: Evidence: Scope of Proof Authorized.** A general denial ordinarily authorizes evidence of any facts which tend to disprove any of the essential facts alleged in the petition, that is, to disprove their existence as facts and not the liability they create.

2. **MASTER AND SERVANT: Servant Injured: Collapse of Scaffold: Instructions: Evidence: Proof of Servant's Use of Scaffold Not Provided by Master: Competent Under General Denial.** In an action for damages for personal injuries sustained on account of the collapse of a scaffold, where plaintiff in his petition charged his injuries to the negligence of defendant in failing to well and safely support and secure the scaffold he was using while engaged in his work, as required by section 6802, Revised Statutes 1919, proof that plaintiff discarded the scaffolding which defendant provided and directed him to use in his work, and, without any order or direction of defendant so to do, used a scaffold not provided by defendant, which collapsed and caused his injury, *held* such evidence disproves any negligence on the part of defendant proximately contributing to plaintiff's injury and it was competent to show this and submit it, hypothesized by instruction, as a defense to plaintiff's action, under a general denial.

*Headnotes 1. Pleading 31 Cyc., pp. 693, 694; 2. Master and Servant, 26 Cyc., p. 1407.

217 M. A.—8.

Appeal from the Circuit Court of the City of St. Louis.
—*Hon. Moses Hartmann,* Judge.

REVERSED AND REMANDED (*with directions*).

*Frank H. Haskins* for appellant.

(1) Whether plaintiff's case is based upon common-law negligence or a violation of section 6802, it is incumbent on plaintiff to prove that the scaffold which caused his injury was furnished by defendant for the use of plaintiff. If the servant uses an implement not furnished by the master for that purpose the master is not liable for injury caused by its defective condition. Smith v. Light & Power Co., 148 Mo. App. 572; Troth v. Norcross, 111 Mo. 630, 636; Loehring v. Construction Co., 118 Mo. App., 163; Stewart v. Railway, 149 Mo. App. 466; Kimmer v. Weber, 151 N. Y. 417; Fellows v. Stevens, 170 Mich. 13. (2) The instruction requiring plaintiff to prove that the scaffold was one which defendant had furnished to plaintiff to work upon and use was proper and justified by the evidence. Smith v. Light & Power Co., 148 Mo. App., 572; Pac. Tel. & Tel. Co. v. Starr, 206 Fed. 157; Fellows v. Stevens, 170 Mich. 13. (3) The word "furnish" means to "supply" or "provide." 4 Words and Phrases, p. 3010. (4) Defendant's instructions have correctly stated the law. If plaintiff wished them made more definite he should have asked for supplemental instruction. Page v. Payne, 293 Mo. 600; Sturgis v. Kansas City Ry., 228 S. W. 861; Maloney v. United Ry., 237 S. W. 509.

*Kelley, Starke & Hassett* for respondent.

The trial court committed no error in granting plaintiff a new trial on the ground that the instructions offered on behalf of the defendant were erroneous, for the reason that instruction No. 2, given on behalf of

the defendant, submitted issues constituting a special defense, and should have been pleaded in defendant's answer. Herrin v. Stroh Bros., 263 S. W. 871; Keppler v. Wells, 238 S. W. 425; Pattison on Code Pleading, page 675, par. 810; Taylor v. Missouri Pacific Ry. Co., 26 Mo. App. 336; Vogeli v. Pickel Marble & Granite Co., 49 Mo. App. 643; Dietzman v. St. Louis Screw Co., 254 S. W. 59.

SUTTON, C.—This is an action for damages for personal injuries sustained by the plaintiff on account of the collapse of a scaffold which he was using while engaged in work as an employee of defendant.

The cause was tried to a jury. There was a verdict for defendant, and judgment was given accordingly. In due time plaintiff filed a motion for a new trial. Afterwards, the court ordered that the motion for a new trial be sustained and that. the judgment be set aside and vacated. From this order the defendant appeals.

Plaintiff in his petition charges his injuries to the negligence of defendant in failing to well and safely support and secure the scaffold plaintiff was using while engaged in his work, as required by section 6802 of the Revised Statutes of Missouri, 1919. The answer is a general denial.

The accident in which plaintiff received the injuries for which he sues occurred on the 16th day of October, 1920. The defendant at the time had a contract for repairing the plaster on the walls and ceiling of a building at Jefferson and Lucas Avenues, in the city of St. Louis. Other contractors were working in the building. The room in which plaintiff was working had a high ceiling and it was necessary for him to use a high scaffold in repairing the plaster near the ceiling. In that room was a high movable scaffold which did not belong to defendant, but belonged to another contractor. Plaintiff knew that this scaffold belonged to another contractor and had seen him and his employees using it.

The plaintiff took this movable scaffold and used it in doing his work. While thus using the scaffold it collapsed and fell and plaintiff thereby received the injuries for which he sues.

Plaintiff testified that the defendant ordered him to use this scaffold in doing his work. The defendant testified that he provided the plaintiff with scaffolding, consisting of trestles and boards for erecting a movable scaffold; that the scaffolding which he provided was in good condition and sufficient to build a safe scaffold; that he directed the plaintiff to erect a scaffold with the scaffolding thus provided and to use the same in doing his work; and that he directed plaintiff not to use scaffolds belonging to other persons. He denied that he ordered or directed the plaintiff to use the scaffold which collopsed and caused his injury.

That the defendant provided adequate scaffolding of his own for use in the work as testified by him, the plaintiff does not dispute. He denies, however, that he was directed by defendant to use this scaffolding. On the contrary, he insists that he was directed to use the scaffold he was using at the time of his injury.

It is conceded by defendant that the scaffold used by plaintiff was not reasonably safe for the purpose for which he was using it.

The court sustained plaintiff's motion for a new trial on the ground that error was committed in the giving of the following instruction for defendant:

"The court instructs the jury that if you believe from the evidence that defendant provided reasonably safe scaffolding for plaintiff to use in the work in which he was engaged and directed plaintiff to use same and if you further believe from the evidence that plaintiff without any order or direction from defendant so to do used a scaffold not provided by defendant and belonging to parties other than defendant and while so using it, the said scaffold broke and caused the injury to plaintiff set forth in the evidence, then defendant is not liable for said injury and your verdict will be for defendant."

No ground other than the erroneous giving of this instruction as assigned by the court below has been suggested here in support of the order granting a new trial.

It is not contended by plaintiff that the instruction does not correctly declare the law applicable to the facts as developed at the trial, but it is contended that the giving of the instruction is erroneous because it submits an affirmative defense not available to defendant under a general denial.

It is not always easy to determine what facts may be shown by way of defense under the Code without specially pleading them. There is no doubt that a general denial ordinarily authorizes evidence of any facts which tend to disprove any of the essential facts alleged in the petition, that is, to disprove their existence as facts and not the liability they create. For example, where the plaintiff as the basis of his cause of action charges negligence on the part of defendant, any fact may be proved by defendant without specially pleading it, which tends to disprove the fact of negligence on the part of defendant, but a fact may not be proved which tends merely to disprove liability on the part of defendant. On this principle, the defendant is not permitted to prove contributory negligence on the part of the plaintiff without pleading it, for this is a fact which tends to disprove, not the defendant's negligence, but his liability merely.

In the present case the fact shown, and submitted in the instruction complained of, tends to disprove any negligence on the part of defendant contributing to plaintiff's injury. That the plaintiff discarded the scaffolding which defendant provided and directed him to use in his work, and, without any order or direction of defendant so to do, used a scaffold not provided by defendant which collapsed and caused his injury, as hypothesized in the instruction, is not a fact disproving defendant's liability merely, but is a fact disproving any negligence on his part proximately contributing to the plaintiff's injury.

It goes to the root of the plaintiff's case. The act of the plaintiff in discarding the scaffolding provided for his use by defendant and using instead a scaffold not provided by defendant, whether a negligent or a prudent act, was the sole proximate cause of his injury. Proof of this necessarily disproves any negligence on the part of the defendant proximately contributing to plaintiff's injury, and it was competent to show this and submit it as a defense to plaintiff's action, under a general denial. [Bliss on Code Pleading (3 Ed.), sec. 352; Lehnerts v. Otis Elevator Co. (Mo.), 256 S. W. 819, l. c. 822; Kaminski v. Tudor Iron Works, 167 Mo. 462, l. c. 470, 67 S. W. 221; Sheehan v. Prosser, 55 Mo. App. 569, l. c. 575; Young v. City of Kansas, 27 Mo. App. 101, l. c. 118; Hellmuth v. Benoist, 144 Mo. App. 695, 129 S. W. 257; Smith v. Union Electric Light & Power Co., 148 Mo. App. 572, l. c. 586, 128 S. W. 779; Troth v. Norcross, 111 Mo. 630, l. c. 636, 20 S. W. 297; Forbes v. Dunnavant, 198 Mo. 193, 95 S. W. 934; Loehring v. Westlake Construction Co., 118 Mo. App. 163, 94 S. W. 747; Kimmer v. Weber, 151 N. Y. 417; Fellows v. Stevens, 170 Mich. 13.]

In the Kaminski case it was held that the defense that plaintiff's injuries were caused by the negligence of fellow servants might be shown under a general denial, and in argument the court said:

"The averment of an answer, that another, or others than defendant, did the act of which defendant was charged with having done to the injury of a plaintiff, is nothing more than a denial of the averments of the petition, that defendant is guilty of the charges made, as the basis of plaintiff's cause of action."

If the defendant may show under a general denial that the act of a third person was the sole proximate cause of the injuries complained of by plaintiff, *a fortiori* he may show that the act of the plaintiff himself was the sole proximate cause of such injury.

We conclude that the learned trial court erred in sustaining the motion for a new trial in this cause.

The Commissioner therefore recommends that the order of the circuit court granting plaintiff a new trial be reversed and the cause remanded with directions to the circuit court to reinstate the judgment rendered by the court upon the verdict of the jury.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The order of the circuit court granting plaintiff a new trial is accordingly reversed and the cause remanded with directions to the circuit court to reinstate the judgment rendered by the court upon the verdict of the jury. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.