JOHN E. REYNOLDS, RESPONDENT, v. AL G. BARNES AMUSEMENT COMPANY, APPELLANT.*

Kansas City Court of Appeals. June 29, 1927.

*Corpus Juris-Cyc References: Master and Servant, 39CJ, section 441, p. 312, n. 14; section 459, p. 338, n. 2; section 469, p. 350, n. 51; section 717, p. 602, n. 79; section 1187, p. 965, n. 98; section 1325, p. 1133, n. 37.

*W. W. Holloway* and *Atwood, Wickersham, Hill, Levis & Chilcott* for respondent.

*Frank M. Lowe* for appellant.

ARNOLD, J.—This is an action in damages for personal injury alleged to have been received by plaintiff through the negligence of defendant, while plaintiff was engaged as a laborer employed by defendant in connection with others in removing tents and other paraphernalia of defendant's combined circus and animal show, after the performance at Kansas City, Mo., on or about August 20, 1918. This is the second appeal in this case from as many trials in the circuit court. On the former appeal the judgment which was for plaintiff was reversed on account of errors in an instruction and the cause was remanded for a new trial. [See 253 S. W. 140.] The cause again was tried and resulted in a verdict and judgment for plaintiff in the sum of $7500, and defendant again appeals.

On the second trial the evidence consisted largely of the testimony produced on the former trial. However, some witnesses were introduced by defendant who had not testified before. We have examined this evidence and find that it does not change the material facts shown in the former trial, which were set out in detail in our former opinion, and which we do not deem necessary to repeat herein. Reference is made therefore to our former opinion for a statement of the facts which is adopted as the statement of facts herein.

The amended petition is in two counts, the second of which was dismissed on trial and we therefore have for consideration the first count only. By permission of the court the first count of the petition was amended by interlineation as follows, "plaintiff alleges his injuries are permanent."

The first count of the petition charges negligence in that defendant caused and permitted a hole to be made in the ground where plaintiff was required to work, by the removal of a tent stake used in connection with one of its tents, and thereby negligently and carelessly created and maintained a dangerous and not reasonably safe condition at said place of work, and failed to cover or fill said hole, and negligently left and maintained the same; that said hole was of sufficient size to, and did, admit the shoe of plaintiff, and cause him to fall and be injured; that defendant negligently and carelessly failed to provide and maintain at said time and place reasonably sufficient

light and negligently permitted said premises and said hole to be dark and unlighted.

The answer is first a general denial and, as further answer, contributory negligence and assumption of risk are pleaded. The reply was a general denial. At the close of plaintiff's case and again at the close of all the evidence, defendant asked an instruction in the nature of a demurrer which the court refused. Verdict and judgment were for plaintiff as above indicated.

In support of its appeal defendant urges that the court erred in refusing to sustain its demurrers. While eight charges of error are enumerated in defendant's brief, an examination discloses they are all based upon the proposition that the injury, if any, was due to the act of a fellow servant and therefore that plaintiff may not recover. For the sake of brevity the several assignments may be treated as one.

Plaintiff's position in this respect is that the answer failed to allege the act of a fellow servant as the cause of the injury, that the cause was not tried upon such theory either at the first or second trial, and that defendant therefore is in no position to urge this point for the first time on appeal.

As to the first of these suggestions, to-wit, that the injury, if any, was caused by the negligent act of a fellow servant, it may be said that it is well settled that such defense, to be available, needs not be specially pleaded, but may be presented under general denial. It was so held in Kauminski v. Iron Works, 167 Mo. 462, 67 S. W. 221; Sheehan v. Prosser, 55 Mo. App. 569.

As to the other point, to-wit, that the cause was not tried by defendant on the theory that the injury, if any, was due to the negligent act of a fellow servant, we need only say that an examination of the record discloses a well-defined attempt of defendant directed to this very point. We may not say therefore that the defense did not include this theory. Moreover, under the law as above indicated, defendant was within its rights in introducing such evidence under the general denial.

With this phase of the case disposed of, there remains the general charge that defendant failed to furnish plaintiff a reasonably safe place in which to work, and this, in addition to the charge of failure to fill the stake hole, includes the charge that there was insufficient light. Plaintiff declares the duty of defendant to furnish him a reasonably safe place in which to work was one which could not be delegated, and we do not understand defendant disputes this statement of the rule. There was testimony in plaintiff's behalf that the only light thrown upon the immediate locality of the injury came from one or other of the tents. We find no evidence covering the point as to whose duty it was to place sufficient lights to render the place reasonably safe for the performance of the labor in which plaintiff was engaged.

Certainly none tending to show that plaintiff had any control over the lights, or over other conditions which contributed to his injury, nor any which tended to show that his fellow workmen had control over them.

In this situation it was defendant's duty to exercise ordinary care to see that plaintiff's place of work was reasonably safe. This was a continuing non-delegable duty. [Koerner v. Car Co., 209 Mo. 141, 158, 107 S. W. 481; Scheidler v. Iron Works, 172 Mo. App. 688, 155 S. W. 897.] There was substantial evidence to the effect that lights were not furnished either to light the locality of the injury, or to place at the hole made by the removal of the stake. As to whose duty it was to furnish these lights does not specifically appear. But under the general rule, it was defendant's duty to make the place reasonably safe for plaintiff's labor. It follows that if the lights were not furnished by defendant, or if furnished and the foreman failed to use them, there was still the negligent act of defendant.

It was defendant's duty, under the circumstances in evidence, to use reasonable care to see that the lights in question were so placed as to render plaintiff's place of labor reasonably safe, and a failure so to do was negligence. The fact that the omission may have occurred through the fault of its servants and agents charged with said duty will not release defendant from liability. And this observation applies as well to the question of filling and tamping the stake hole as to the failure to furnish sufficient light. [Lampe v. Am. Ry. Exp. Co., 266 S. W. 1009, and cases therein cited.]

In our prior opinion we held that although a petition alleges several specific acts of negligence, it is not necessary to prove all of them, but at least one, sufficient to cause the injury, must be proved. [Meeker v. Union Electric Co., 279 Mo. 574, 216 S. W. 923.] However, there was evidence to sustain both of the above-mentioned charges and the jury well could say that they combined to help bring about the injury. Under these circumstances the case was properly sent to the jury and there was no error in refusing to give the instructions in the nature of demurrers to the evidence. We find no reversible error of record. The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.