JUDGE PRYOR
delivered the opinion oe the court.
This action was instituted by the appellant, Edward Waits, against the appellee, M. A. McClure, in the Woodford Circuit, *764 alleging an agreement between the parties by which the appellee undertook to cover appellant’s house with a plastic slate roof, guaranteeing that the roof should be good and perfect and a complete protection to appellant’s building; that the roof was constructed by the appellee, but was entirely worthless as such, leaked badly, and on account of which the appellant’s house was- much injured. A partial payment of the contract price is also alleged, and a claim for damages asserted, by reason of the failure of the appellee to comply with his contract. These allegations were denied by. the answer, and upon the trial of the cause the court below instructed the jury, in substance, to find for the defendant. The evidence upon the trial established the fact that appellee McClure made a contract for the roofing of appellant’s house and executed the work; that the roof was very defective and afforded but little protection to the building. It also appeared that the contract was made by the appellee for and as a member of the firm of McClure, Rowland & Co., engaged in the business of roofing buildings with plastic slate.
It is insisted that the court below.properly instructed the jury to find for the defendant, as there was a variance between the contract alleged and the one proven—the contract declared upon being the individual contract of McClure, and the one proven being the contract of a firm of which appellee McClure was a member only.
By the provisions of section 39 of the Code of Practice the rule of the common law is changed in regard to actions against those who are jointly bound by contract, and now the action may be brought against all or any of the parties at the option of the plaintiff, although the contract is joint.
There was no defect of parties, as urged in the present action, by reason of this provision of the Code, as the appellant might have declared against one or more of the parties jointly liable upon it, and was entitled to a judgment unless *765 the variance between the allegations and the proof is fatal to his right of recovery.
There is a material distinction at common law, well understood and long recognized by this court, between a misjoinder and non-joinder of parties defendants in actions upon contracts. Where too many parties are made defendants, and the objection appears on the face of the pleading upon a contract alleged to be joint, the defendant may demur or move in arrest of judgment, and if the objection is not shown by the pleadings, but by the proof, the plaintiff will be nonsuited. (1 Chitty’s Pleadings, page 50.) But in cases where one defendant is omitted who is liable to be jointly sued with those declared against, and this fact not appearing upon the face of the declaration, the objection can only be taken advantage of by plea in abatement; and if not so taken, the parties sued will be liable for the whole debt; and it can not be insisted, under the general issue as a variance, that the bill or note declared on to have been made by the defendant was in fact made by himself and others. {Ibid. 52.)
In all the elementary works upon pleading the rule is laid down that where it is doubtful as to how many parties are liable it is desirable to proceed against those who are certainly liable, as the non-joinder can only be taken advantage of by plea in abatement.
Lord Mansfield held, in Rice v. Shutt (5 Burrows), when any one party was sued and the evidence disclosed a partnership liability, “ that the defendant ought to plead in abatement ; and if he fails to take advantage of it at the beginning of his suit, it is a waiver of the objection.”
This court in the case of Allen v. Lucket (3 J. J. Marsh. 165), in a suit upon an injunction-bond, where two only of the obligors were declared against, and it appeared upon the trial that the signature of a third party was affixed to the instrument, held that, as the defendants had failed to plead in *766 abatement, it was too late to object to tbe non-joinder of all the obligors.
In the case of the Commonwealth for McCreery v. Davis the same doctrine was recognized by this court, and it was there adjudged that the non-joinder of a joint obligor should have been pleaded in abatement, the declaration failing to present a state of case where the non-joinder could be taken advantage of by demurrer.
In the case of Albro v. Lawson (18 B. Mon. 642), decided by this court since the adoption of the Code of Practice, where the plaintiff sought a recovery on a lost note, to which the defendant plead non est factum, on the trial, it appeared that the note, although executed by the defendant, was the note of partners and not an individual note. It was held that the failure to sue the other partners not being relied on in the answer was a waiver of the objection. The evidence in this case fixed a liability on the appellee by reason of his contract, whether as an individual or. member of the firm, and the failure to declare upon it as a partnership liability was not a ground of nonsuit, and the case should have been submitted to the jury.
In the case of Gossum v. Radget (6 Bush) the suit was instituted upon an obligation signed by two for the payment of money, and a third party sought to be made liable in the same action for the same debt upon a mere promise to pay. There was not only a misjoinder of defendants, but the plaintiff was seeking to recover upon a written contract signed by two of the defendants, and also the same debt upon a parol undertaking by a third' party in the same action. There is no analogy between, that case and the one now being considered.
The judgment of the court below is reversed, and cause remanded with directions to award the appellant a new trial, and for further proceedings consistent with this opinion.