CASE 42.—ACTION BY JONATHAN ABNEY'S ADMINISTRA-
TOR AGAINST THE BIG HILL COAL CO. FOR
DAMAGES FOR CAUSING THE DEATH OF PLAIN-
TIFF'S INTESTATE.—April 17.

# Big Hill Coal Co. v. Abney's Admr.

Appeal from Rockcastle Circuit Court.

M. L. JARVIS, Circuit Judge.

Judgment for plaintiff. Defendant appeals.
Reversed.

1. Master and Servant—Injuries to Servant—Actions—Pleading
—Proof—Where damages are claimed from a master for the
death of plaintiff's intestate, an employe, and defendant
denies that the death was caused by its negligence, it may
introduce evidence to show the death due to the negligence
of a fellow servant.

2. Same—Where plaintiff's intestate was killed by the falling of
the roof of defendant's mine, and in an action for causing
his death it was not alleged that the pillars between the
rooms were not wide enough, it was error to allow evidence
of such defect.

3. Same—Places for Work—Duty to Provide—Care Required of
Master—The operator of a coal mine owes the duty to its
servants to use ordinary care to prop the roof where they
are working, or the rooms adjacent thereto, or in drawing the
ribs between them.

4. Same—Risk Assumed by Servant—Dangerous Places—Where
plaintiff's intestate was killed while a laborer in defendant's
mine, recovery cannot be had for his death, if it is shown
that he knew of the danger, or could have known of it by
the exercise of ordinary care in the course of his employment.

5. Death—Measure of Damages—In an action for death, due to
defendant's negligence, the proper measure of damage is such
a sum as would reasonably compensate intestate's estate for
the destruction of his power to earn money.

J. A. SULLIVAN for appellant.

. C. C. WILLIAMS of counsel.

### POINTS AND CITATION OF AUTHORITY.

The Defendant is entitled under the general denial of negligence the benefit of the contributory negligence of fellow servants without having specially plead the same. (See Enc. Pleading & Practice, vol. 13, page 913; Sayward v. Carson, 1 Wash, 39; Wilson v. Charlston R. R. Co., 28 S. E., 91; Thompson on Negligence 4th, vol., page 899; Kaminsky v. Tudor Iron Works, 167 Mo., 462; C. N. O. & T. P. Railway Co. v. Lew Allen, 17 Ky. Law Rep., 863).

2. Contributory negligence is an affirmative defence and must be plead, but this is not so of the negligence of a fellow servant. (See Authority last quoted. L. & N. v. Schuster, Ky. Law Rep., 65; C. & O. v. Smith, 101 Ky., 104).

3. The plea of negligence of a fellow servant is not inconsistent under our code with the denial of employment. (See Civil Code, section 113, subsection 4; Smith v. Dougherty, 109 Ky., 617; First National Bank v. Wisdom's Exrs., 111 Ky., 135; Seattle National Bank v. Jones, 48 L. R. A., 177).

4. In refusing to permit the amended answer offered by the defendant to be filed the lower court under the circumstances, abused its discretion and erred. (See Civil Code, sec. 134; Downing v. Bacon, 7 Bush, 681; Kerney v. City of Covington, 1 Met., 344; Filbin's Admr. v. C. & O. R. R. Co., 91 Ky., 44; I. C. R. R. Co. v. Jackson, 79 S. W., 1187).

5. The plaintiff having set forth the negligence complained of, it was error in the court below to permit testimony of different negligence as a basis for recovery. This was a variance. (See Greer v. L. & N. R. R. Co., 94 Ky., 169; Thomas v. L. & N. R. R. Co., 18 Ky. Law Rep., 164; L. & N. R. R. Co. v. McGary's Admr., 104 Ky., 517).

6. A continuance of the case should have been granted. Langdon-Creacy v. Rouse, 24 Ky. Law Rep., 2095; McClung v. Ingleheart, 17 Ky. Law Rep., 913; Civil Code, sec. 315).

7. The defendant on the conclusion of the plaintiff's case and of the whole case, was entitled to a peremptory instruction, the plaintiff having failed to allege or prove any cause of action.

8. The testimony conclusively establishes that the death of the deceased was due to his failure to prop the mine and to discharge his duty as a miner. It is not alleged or proven, that

Big Hill Coal Co. v. Abney's Admr.

if the deceased was inexperienced the defendant knew it. This omission is fatal. (Ray v. Jefferies, 86 Ky., 372; Thompson on Negligence, sec. 464, same, sections 4079-4887; 44 L. R. A., 1; Bogenschust v. Smith, 84 Ky., 330; Thompson on Negligence, 487; Yancey v. Smith, 2 Met., 408; Caldwell v. Dawson, 4 Met., 121; Southwood v. Myers, 3 Bush, 681).

9. Instructions given by the court are incomplete and do not cover the case; they assume facts not proven, and leave to the jury to determine questions of law and fact without proper guide or limitation.

10. The instructions offered by the defendant were the correct law of the case.

11. Deceased being 27 years of age, if he sought employment from the defendant, it had a right to assume that he understood the duties and dangers of mining.

BETHURUM & BETHURUM and T. Z. MORROW for appellee.

AUTHORITIES CITED.

Ashland Coal and Iron Co. v. Wallace, 19 Ky. Law Rep., 849.

OPINION OF THE COURT BY JUDGE HOBSON— Reversing.

J. D. Abney was a laborer in the mine of the Big Hill Coal Company, and while engaged there was killed by the falling of the roof of the mine. This suit was filed by his personal representative to recover for his death. The facts of the case are substantially these: Levi Reynolds, who was the father-in-law of Abney, was a miner, and had been employed for some time in the mine. It was usual for each miner to have with him a helper, known as a "buddy." Reynolds' buddy left, and Reynolds took Abney in as his buddy. Abney had been in the mine only a day and a half when he was killed. The proof for the plaintiff was to the effect that Reynolds and Abney named the matter to the mine boss, and that

the mine boss agreed that Abney should go in as
Reynolds' buddy. The defendant's proof was to the
effect that this did not occur; that each miner had
a number; that Abney applied for a number, and was
refused one; and that his name was not on the com-
pany's pay roll. Reynolds admitted that after
Abney's death he paid the widow what was coming
to Abney on the coal they had gotten out, but it
appeared that two men worked in each room, and that
it was the rule at the mine for a miner to take in,
if he chose, as his helper, when he had none, a member
of his family; but that, if the company had any objec-
tions, it could keep him out.

The charge, in the petition, was that the room of
the mine in which Abney was directed to work, and
those adjacent thereto, were unsafe and dangerous
because of the failure of the defendant to properly
brace or prop the roof overhead and its drawing the
ribs between them. The answer denied the allega-
tions of the petition, and pleaded contributory negli-
gence on the part of the deceased. The proof showed
that it was the duty of the miners to prop the roof
in the rooms where they worked as they took out the
coal underneath; that the company furnished them
the props, and it was their duty to put the props up
as they went along, taking out the coal so as to make
the roof above them secure. It also showed that the
props were in the room at the time Abney was killed,
and had not been put up by the miners; that Abney
was killed by the falling of the roof at a point where
he and Reynolds had taken out the coal from beneath
without putting up any props to hold the roof. The
defendant proved that Abney had been warned of the
danger, and had said he would put up the props.
There was also proof showing that Abney's death

was caused by the fall of what is called a "horse-back;" that it started in another room, and there was proof tending to show that its fall was due to the pillars being taken out, rather than to the lack of props in the space from which they had taken out the coal. The defendant offered to prove by Reynolds that he had taken out the coal from the end of the rib to the point where Abney was killed, and had not put up any props in this place; that it was his duty to prop this space, and he so knew, although he had failed to put the props up; that it was the custom of the mine that miners should put up the props along as they got out the coal; that all of the miners were required to have numbers; and that Reynolds well knew the situation and the necessity of props. The court excluded this evidence, although it would seem from the bill of exceptions that during the trial the facts were gotten out in one way or another. The evidence should have been admitted. The ground of plaintiff's cause of action is negligence on the part of the defendant. If there was no negligence on the part of the defendant, it is not liable. As between Abney or Reynolds and the defendant, neither one of them was the agent of the defendant. They were simply partners in getting out the coal. The word "buddy" was evidently used for "brother" or "partner." If Abney's partner failed to put up props, and this caused the roof to fall, causing Abney's death, the defendant is not liable. In order to recover, the plaintiff must show negligence on the part of the defendant; and, if the evidence shows that the death of the deceased was due to his partner's negligence, then he has failed to make out a case against the defendant.

It would seem from the record that the court's

ruling was based upon the idea that the defendant had not pleaded negligence on the part of the fellow servant, Reynolds; but such a plea was unnecessary. When the defendant denied that there was negligence on its part, a perfect defense was set up, and it was unnecessary for it to state affirmatively that the negligence was that of a third person. In 4 Thompson on Negligence, 899, the rule is thus stated: ''The defense that a servant's injuries were caused by the negligence of his fellow servant is admissible under a general denial." This rule was followed by this court in Cincinnati, etc., R. R. Co. v. Lew Allen, 32 S. W. 958, 17 Ky. Law Rep. 863. See, also, Wilson v. Charleston, etc., R. R. Co., 28 S. E. 91, 51 S. C. 79; Sayward v. Carlson, 1 Wash. 29, 23 Pac. 830; Sheehan v. Prosser, 55 Mo. App. 569; Kaminski v. Tudor Iron Works, 167 Mo. 462, 67 S. W. 221; Duffy v. Kivilin, 195 Ill. 630, 63 N. E. 503. The case of Bowling Green Stone Company v. Capshaw, 23 Ky. Law Rep. 945, 64 S. W. 507, is so obscurely reported as not to show definitely what was decided as to this question, or how the matter arose. A new trial was ordered on other grounds which controlled the case. Contributory negligence, when relied on as a defense, must be pleaded, for the reason that the existence of contributory negligence does not negative negligence on the part of the defendant. The defendant may have been negligent, and his negligence may have been the cause of the plaintiff's injury, and yet, if the plaintiff was also negligent, and but for his negligence, his injury would not have occurred, he cannot recover. But in a suit by a servant, if the injury sued for was caused by the negligence of a fellow servant, there is a failure to show negligence on the part of the master. The

fact that a fellow servant was negligent will not defeat a recovery where the master was also negligent, unless the negligence of the fellow servant, and not the negligence of the master, was the proximate cause of the injury. In 1 Thompson on Negligence, sec. 505, after a statement of the rule that the master is not responsible unless his negligence in some way concurred with that of the fellow servant in producing the injury, it is said: "If, however, the negligence of the master did concur with that of the fellow servant in producing the injury, then the case is like any other case where a person is injured by the concurring negligence of two persons, in which case he may have an action against either or both of them." But here Reynolds and Abney were getting out coal jointly on Reynolds' number as miner. If Abney was injured by Reynold's negligence the defendant is no more responsible for it than it would be if he was injured by his own negligence, or that of a stranger. Reynolds and Abney being engaged in getting out coal on joint account, each in so doing was the agent of the other, and the acts of one were in legal effect the acts of the other. If Reynolds was negligent, his negligence is chargeable to his partner, Abney. Under the Code, facts may be stated according to their legal effect. It is not a variance when an individual contract is alleged and a firm contract is shown. Waits v. McClure, 10 Bush 763. And so it is not a variance when an act alleged to be that of the defendant is shown to have been done by him by his agent, and not in person; for it is equally his act whether done in person or by agent. There was no need for an amendment to the answer. The original answer presented the whole defense. Newman on Pleading, pp. 257-261. .

The plaintiff was allowed to prove on the trial that the pillars between the rooms were only 6 feet wide, when they should have been left 10 feet wide. There was no charge in the petition of this, and when the proof was admitted, over the defendant's objection, it asked a continuance on the ground that it had taken proof by depositions, and was not prepared to meet this issue. The object of written pleadings is to apprise the opposite party of the facts constituting the claim or defense. The ground of complaint in the petition, so far as relates to the pillars, is as to the removal of part of the pillars. It did not apprise the defendant that negligence was claimed on the ground that the plan of the mine was faulty, and that the pillars were originally too small. On the return of the case, the plaintiff may have leave to amend his petition; but, under the pleadings as they now stand, the proof should not have been admitted. Greer v. L. & N. R. R. Co., 14 Ky. Law Rep. 876, 94 Ky. 169, 21 S. W. 649, 42 Am. St. Rep. 345; L & N. R. R. Co. v. McCary's Adm'r, 104 Ky. 517, 47 S. W. 440, 20 Ky. Law Rep. 691.

At the conclusion of the evidence, the court gave the jury these instructions:

"(1) If you believe from the evidence that the deceased, Jonathan Abney, was employed as a miner by the defendant, or that he was put to work as such by Gibson, and that the place where he worked was unsafe by reason of the failure of the defendant to properly brace or prop the slate or roof overheard of the room in which deceased was working, or the room adjacent thereto, or by drawing the ribs between same, and that said unsafe condition was known to the defendant, or could have been known to it by the exercise of ordinary care, and that by reason of said

unsafe condition, or either of them, deceased was killed, you will find for the plaintiff; unless you further believe from the evidence, taking into consideration the experience the deceased had in this character of work, he knew of said unsafe condition, or could have known of the same by the exercise of ordinary care, you will find for the defendant.

"(2). If you believe from the evidence that the deceased was guilty of negligence in failing to sufficiently prop the place where he was working at the time of his death, and that he would not have received the injury except for such negligence, you will find for the defendant.

"(3) If you find for the plaintiff, you will find for her such a sum in damages as you may believe from the evidence will fairly compensate her for the loss of the life of her intestate, Jonathan Abney; and you may measure such damages by the ability of the deceased to earn money, taking into consideration his age, physical condition, and prospects of life as they appear in evidence, providing that the finding shall not exceed $20,000."

The master is only required to furnish the servant a reasonably safe place to work, so far as it may be done by ordinary care; that is, the master must use ordinary care to make the place where the servant works reasonably safe. Instruction No. 1 improperly makes the master responsible if the place where the servant worked was unsafe. There are many businesses which are attended more or less with danger, and the rule announced in the instruction would often make the master absolutely a guarantor. Coal mining is, at best, a dangerous business. The master is only required to use ordinary care for the safety of the servant. In lieu of the words, "that the place where

he worked was unsafe by reason of the failure of the
defendant to properly brace or prop the slate or roof
overhead of the room in which the deceased was work-
ing, or the rooms adjacent thereto, or by drawing the
ribs between same," these words should have been
used, "and that the defendant failed to exercise ordi-
nary care to brace or prop the slate or roof overhead
in the room in which deceased was working, or the
rooms adjacent thereto, or in drawing the ribs be-
tween same, and by reason of such failure the place
where he worked was not reasonably safe." The lat-
ter part of the instruction is more favorable to the
defendant than it should be, in this, that the rule is
that the servant may recover, unless he knew of the
danger, or could have known of it by the exercise of
ordinary care in the course of his employment. The
words, "you will find for the defendant," at the end
of the instruction, should be omitted, and in lieu
thereof these words should be added, "and unless you
find as set out in No. 2." In lieu of the words, "was
put to work as such by Gibson," on another trial these
words will be used, "was allowed to work as such
by Gibson."

By the second instruction the jury should have been
told that if they believed from the evidence that the
deceased or Reynolds failed to exercise ordinary care
to prop the roof as the coal was taken out, and that
but for this the injury would not have occurred, or if
Abney knew the danger, or could have known it by
ordinary care in the discharge of his duties, or if he
failed to exercise ordinary care for his own safety, but
for which he would not have been injured, then, in any
of these events, they should find for the defendant.

In lieu of the third instruction, the court will tell
the jury that, if they find for the plaintiff, the measure

of damages is such a sum as will reasonably compensate the intestate's estate for the destruction of his power to earn money.

By another instruction the court will tell the jury that "ordinary care" is such care as a person of ordinary prudence would usually exercise under like circumstances, and that negligence is the want of ordinary care.

The other matters relied on will probably not occur on another trial, and so need not be noticed. On the return of the case to the circuit court, the plaintiff will be allowed to amend her petition, if she desires to do so.

Judgment reversed, and cause remanded for a new trial.

Petition by appellant for extension of opinion overruled.