## Russell v. W. E. Caldwell Company.

(Decided March 27, 1914.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch No. 3).

1. **Master and Servant—Safe Place to Work—Assumption of Risk.**—One employed to do repair work on a roof and the guttering thereof knows in advance that his employer is not undertaking to furnish him a reasonably safe place to work, because the place being out of repair is necessarily in some measure dangerous, and the employe necessarily assumes the additional risk growing out of the then condition of the place.

2. **Master and Servant—Assumption of Risk—Notice.**—The allegation that he was only employed to repair certain places in the roof or guttering, and was not employed to repair the particular guttering or appliance which gave way with him and caused him to fall, cannot relieve the employe from the assumption of the added risk. The fact that some parts of the roof and guttering were out of repair was notice to him that it was all more or less dangerous.

O'DOHERTY & YONTS and W. W. DOWNING for appellant.

FRED FORCHT, JR., N. B. BRENNAN for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

The appellant instituted this action for damages against the appellee corporation. The lower court sustained a demurrer to his petition as amended, and the same having been dismissed he has appealed.

In his original petition he alleges:

"Plaintiff states that on the 8th day of September, 1910, he was employed by the defendant company as a laborer to do certain repair work upon the roof and gutters of a certain building owned by the defendant company, and that the defendant company, its agents and servants, by and through their gross negligence permitted said roof and gutters and appliances to same to become and remain in an unsafe, defective and dangerous condition in this—that the said roof and gutters and appliances thereto, were old, worn, insecure and imperfectly constructed, and plaintiff states that while engaged in the work of repairing the roof as aforesaid, a certain gutter and hanger or appliance thereto gave way, precipitated the plaintiff to the ground, and inflicted upon him serious, painful and permanent injuries."

In his first amended petition he alleges:

"That the said roof, and gutters and appliances thereto upon and around which the plaintiff was employed, directed and required to do certain repair work, were old, worn, insecure, and imperfectly constructed; and plaintiff states that while acting under the employment aforesaid, and while engaged in the actual performance of his duties under said employment in doing said repair work upon said roof, a certain gutter or hanger and appliances thereto, because and by reason of their unsafe, defective, and dangerous condition, gave way, and the plaintiff was thereby thrown from said roof upon the ground and injured."

In his second amended petition he alleged that he was employed not as an independent contractor, but was engaged in the service of the company, and employed only to do certain repair work in certain places upon the roof, which, save and except for the defective places he was employed to repair, appeared to be a reasonably safe place to work.

It will be observed that there is no allegation that the defendant corporation assumed any control over the work of making repairs, and there is no allegation that the plaintiff was at the time of the injury working under immediate supervision or direction of any superior officer or employe of the company; nor is there any allegation that the plaintiff was an inexperienced workman.

One who is employed to do repair work upon a roof and guttering of a building, from the very nature of things knows in advance that his employer is not undertaking to furnish him a reasonably safe place in which to work; because if the place was not out of repair, and therefore in some measure dangerous, he would not have been employed to repair it, and under such conditions the employe necessarily assumes the additional risk growing out of the then condition of the place.

The allegation that he was only employed to repair certain places in the roof or guttering, and that he was not employed to repair the particular gutter or appliance which gave way with him, are not sufficient to relieve him from the assumption of the added risk. The fact that some parts of the roof and some parts of the guttering and appliances were out of repair and therefore necessarily dangerous was known to him in advance, and he will not be heard to say that he did not assume this added risk, because he had not been em-

ployed to repair the particular part of the guttering which gave way with him. The fact that some parts of the roof and some parts of the guttering were out of repair were notice to him, as an experienced workman, that it was all, more or less, dangerous.

The case of Ballard & Ballard Co. v. Lee's Admr., 131 Ky., 412, was where Lee had been employed to take certain roofing off of an old building, and while so engaged fell from the roof and was killed. The court in discussing the duty of the employer and the employe said:

"It seems to us that if an owner of a house employs a competent and experienced laborer to take off an old roof and put on a new one, or to repair the roof, or to tear down a building, it is fair to assume that the employe will take the necessary precautions to protect himself from injury on account of the dangerous or defective condition of the premises about which he is engaged to work, and that it would be imposing upon the employer an unreasonable duty to require him to have a careful examination of the premises made for the purpose of discovering defects or dangers in order that he might inform the employe concerning them."

See also Williams Coal Company v. Cooper, 138 Ky., 287; Mowry v. Frazer, 120 S. W., 289; White v. Tel. & Tel., 137 Ky., 303; Standard Oil Co. v. Watson, 154 Ky., 550; Dyer v. Pauley Jail Building Co., 144 Ky., 592.

The doctrine is well established by the authorities quoted, and many others, that where it is known in advance by the employe, from the nature of the work which he is employed to do, that he cannot be furnished a safe place to work, he necessarily assumes the added risk.

The judgment is affirmed.