### Daisey v. Wagner, et al.

(Decided February 5, 1915.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1.  Master and Servant—When Master Not Liable For Injury to
    Servant.—A competent and experienced laborer employed to put

a tile roof on a house, the danger of doing which is obvious and therefore bound to be known to him, cannot, if injured by falling from the building while engaged in such work, recover damages of the master for such injury. Especially is this true where the injured employe is possessed of sufficient skill and experience to be placed in charge of the work.

2. Master and Servant—Doctrine of Safe Place—Where Not Applicable.—When the servant, by reason of his skill and experience, is put in charge of the work of putting on a roof, the rule that. his master must use ordinary care to provide him a safe place to work has no application. As the danger of performing such work is open and obvious, the servant must protect himself against it, and he assumes such risks as are ordinarily incident to such work, and is charged with the duty of inspection and also left to his judgment as to the manner of doing the work.

3. Master and Servant.—Petition—Failure to State a Cause of Action —Demurrer to is Fatal.—Where, as in this case, the facts stated in the petition show that the injuries sustained by the employe were not caused by the negligence of the master, the latter's demurrer to the petition was properly sustained.

O'DOHERTY & YONTS and JOSEPH S. LAWTON for appellant.

FRED FORCHT for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, William D. Daisey, by the institution of this action in the Jefferson Circuit Court, common pleas branch, third division, sought to recover of the appellees, E. H. Wagner and others, partners, doing business as J. F. Wagner's Sons, damages for injuries he sustained by falling from a building upon which he and other employes of appellees were engaged in placing a tile roof. A demurrer was filed by appellees to the petition as amended, which was sustained by the circuit court, and appellant failing to plead further, the petition was dismissed at his cost. From the judgment manifesting these rulings he has appealed.

Appellees are engaged in the tinning and roofing business in the city of Louisville, and appellant, at the time of the accident resulting in his injuries, was employed by them as a general foreman in the work of roofing buildings. It appears that in the fall of 1912 appellees contracted with one Vissman, who was erecting a new residence in Louisville, to put a tile roof upon the building, and that appellant, as their foreman, was instructed by them to take charge of certain other of their employes, over whom he had control, and put the

tile roo₁ upon the Vissman building, and while he and they were upon the building and performing the work of putting on the tile roof, he fell therefrom a distance of thirty feet to the ground, thereby sustaining the injuries complained of, which were of a painful and permanent character. The grounds relied on for the recovery sought are thus stated in the petition:

"Plaintiff states that the defendants, their agents and servants, by and through their gross negligence, failed to furnish the plaintiff with a reasonably safe place in which to do the work which he was required and directed to do under his employment, and that the said place was unsafe and dangerous in this—that the roof of said residence was very steep and the defendants, their agents and. servants, failed to furnish and provide any gutters or hangers, or like appliances to the same, by means of which the plaintiff would have been enabled to use ladders upon said roof, while engaged in the work of placing and securing said tile in position on the sheeting of said roof. Plaintiff states that the defendants, their agents and servants, knew, or by the exercise of ordinary care, could have known of the unsafe and dangerous condition of said place, and, so knowing, ordered and directed the plaintiff to do the work of placing said tile upon said roof, and the plaintiff, in obedience to said order and direction of the defendants, their agents and servants, as aforesaid, did go upon said roof, and actually engaged in the work of placing the tile on said roof, and while so doing the plaintiff was, because and by reason of the unsafe and dangerous condition of said roof, as aforesaid, caused to slip and fall from said roof and to strike the ground and to sustain serious painful, and permanent injuries. *    *    *"

It will be observed that the single ground of negligence complained of above is that the appellant was required by appellees to work upon a steep roof which, by reason thereof and of the absence of gutters or hangers upon the roof, rendered it an unsafe place for the required work, and that these conditions caused his fall to the ground and consequent injuries. In the amended petition it was further averred:

"That before placing or setting the tile on said roof it was customary, and necessary at the time of the disaster to plaintiff herein, for the protection of the life

and limbs of the workmen placing or setting said tile on said roof, for the defendants and all similar concerns engaged in said tiling of roofs, in order to make said roof reasonably safe to work upon, to furnish and provide gutters or hangers on the lower edge of said roof, so that if a workman upon said roof, while engaged in setting said tile, happened to slip or fall, he would get caught or be able to catch himself on said hangers or gutters, and thereby be protected and prevented from falling to the ground. That it was the duty of the defendants to furnish such gutters or hangers on the roof mentioned herein, for the purposes mentioned above, but that defendants, their agents and servants, by and through their gross negligence, failed to furnish the plaintiff with a reasonably safe place or with reasonably safe appliances or any appliances whatsoever in which to do the work he was required and directed to do under his employment, and that the said place was dangerous and unsafe in this—that the roof on said residence was very steep and the defendants failed to furnish and provide any such gutters or hangers by means of which the plaintiff would have been protected and prevented from falling to the ground in the manner hereinafter set out.''

It is not averred in the petition or amendment thereto that there was any employe of appellees superior in authority to appellant in charge of the work on the roof, or charged with the duty of directing appellant how to do the work or of instructing him as to the manner in which it should be done. Neither is it alleged that the place on the roof from which he fell was one that he was ordered by a superior to take, or that there was any defect existing in the material used or the roof itself, or that any of the appliances used in performing the work were defective, or that, as a result thereof, appellant's injuries resulted. Reduced to the last analysis, the averments of the petition, as amended, simply convey the meaning that appellant slipped because of the steepness of the roof, and fell to the ground because there were no gutters or hangers upon the roof upon which he could have caught and prevented his fall after he had slipped. It is true the amended petition contains the averment that it was the duty of appellees to have furnished gutters or hangers upon the roof before requiring the work to be performed thereon; but

as appellant was an experienced workman in roofing, and by reason thereof was acting as appellees' foreman, and was, in fact, in charge of the work of putting on the roof, he must have known, and did know, that there were no gutters or hangers upon the roof, and also of the steepness of the roof, and that, in the absence of the gutters or hangers, he was liable to fall to the ground. It is a matter of common knowledge that gutters are placed upon roofs to carry off the rainwater that may fall upon them; and further a matter of common knowledge that gutters are never made or attached to the roof except as the roof is being put on or after its completion.

We think it manifest that in undertaking the work of putting on the roof as appellees' foreman appellant assumed whatever risk grew out of the performance of the work. It was such work as could only have been done or directed by a person of his skill and experience. Being in charge of the work it was his duty to use ordinary care to so perform it as that no injury would result to himself or the other workmen under his control, and, notwithstanding the averments of the petition that the roof was an unsafe place to work, and that this fact was not known to him, but was known, or by the exercise of ordinary care could have been known, to appellees, it is, nevertheless, patent that it was known to him, or could have been known by such an inspection of the roof as his duty as foreman required him to make before beginning work upon it. He was charged with the duty of inspecting the roof as well of doing or causing to be done the work of putting on the tile. If the doing of the work in the manner attempted by him was dangerous because of the absence of gutters or hangers to the roof, he should have deferred beginning work upon it until he could give information of such danger to appellees that they might have had an opportunity to supply gutters, hangers or other appliances that would have made the performance of the work of putting on the roof reasonably safe. If appellant had been a young and inexperienced employe and had gone to work upon the roof without knowledge of the danger, or under an assurance from appellees that it was reasonably safe for him to do so, it would present a different state of facts upon which the liability of the latter might be made to rest, but no such contention is here made.

In Russell v. W. E. Caldwell Co., 158 Ky., 229, there was an attempt upon the part of Russell to recover damages for injuries resulting, as alleged, from the negligence of his employer, W. E. Caldwell Co. The injuries resulted while he was repairing the roof and guttering of a building owned by the latter. In the opinion it is said:

"It will be observed that there is no allegation that the defendant corporation assumed any control over the work of making repairs, and there is no allegation that the plaintiff was at the time of the injury working under immediate supervision or direction of any superior officer or employe of the company; nor is there any allegation that the plaintiff was an inexperienced workman. One who is employed to do repair work upon a roof and guttering of a building, from the very nature of things knows in advance that his employer is not undertaking to furnish him a reasonably safe place in which to work; because if the place was not out of repair, and therefore in some measure dangerous, he would not have been employed to repair it; and under such conditions the employe necessarily assumes the additional risk growing out of the then conditions of the place."

In Ballard & Ballard v. Lee's Admr., 131 Ky., 412, Lee had been employed to take the roofing off of an old building, and while so employed fell from the roof and was killed. In that case we said:

"It seems to us that if an owner of a house employs a competent and experienced laborer to take off an old roof and put on a new one, or to repair the roof, or to tear down a building, it is fair to assume that the employe will take the necessary precautions to protect himself from injury on account of the dangerous or defective condition of the premises about which he is engaged to work, and that it would be imposing upon the employer an unreasonable duty to require him to have a careful examination of the premises made for the purpose of discovering defects or dangers in order that he might inform the employe concerning them."

The work attempted to be done by appellant was in itself hazardous and the danger of its performance obvious to a person of even less experience than was possessed by him. Being in charge of the work as foreman because of his experience and skill, he will not be heard to say that he did not know of the danger. Therefore,

such risks as would ordinarily be incident to such work must be regarded as having been assumed by him. The duty of the master with respect to the furnishing of a safe place or safe premises for the performance of such work as fell to the lot of appellant can have no application. Therefore, the master is not, in a case like this, charged with the duty of exercising ordinary care to discover the dangerous or unsafe place, and is not liable in damages for an injury to the servant because of the dangerous condition, for the danger being obvious, the duty of protecting himself against it is shifted to the employe. So, assuming in this case that appellant's injuries were received as alleged in the petition, as the conditions which caused them were openly visible to him and the work was to be performed in accordance with his judgment as appellees' foreman, there being no assurance by the appellees of the safety of the place (even if such assurance under the circumstances could have shifted the liability), nor promise by appellees to provide other appliances of greater safety, we can but hold that appellant assumed the dangers incident to the performance of the work, for which reason he cannot recover damages. Wilson v. Chess & Wymond Co., 117 Ky., 567. It is our conclusion, therefore, that the demurrer was properly sustained, wherefore the judgment is affirmed.