### Stearns Coal & Lumber Company v. Crabtree's Administrator.

(Decided January 20, 1916.)

#### Appeal from McCreary Circuit Court.

1. Appeal and Error—Pleadings—Substitute Pleadings—Record.— Where the original pleadings in a case are lost and substitute pleadings are filed under an order providing that they shall con-

stitute the record of the case, the original pleadings cease to be a part of the record; and a party cannot rely on the failure of his adversary to reply to the original amended petition as a ground for sustaining the judgment.

2. Master and Servant—Mines and Minerals—Duty to Furnish Props.—Section 2739b, Kentucky Statutes 1909.—Under section 2739b, Kentucky Statutes 1909, the duty of furnishing caps and props does not devolve upon the mine owner until after the miner has selected and marked same.

3. Master and Servant—Mines and Minerals—Selecting and Marking Props—Evidence.—In an action for damages for the death of a miner, evidence of the miner's selecting and marking the props considered and held insufficient to take the case to the jury.

4. Master and Servant—Mines and Minerals—Safe Place.—Where a miner is killed by a fall of slate from the roof of a room, in which conditions are constantly changing by reason of the removal of the coal from beneath the slate by the miner and his co-employe, and the duty of propping devolves not upon the company but upon the miner himself, the safe place doctrine has no application.

J. N. SHARP for appellant.

ROSE & POPE and W. F. HINKLE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Charles Crabtree, a miner in the employ of the Stearns Coal and Lumber Company, was struck by a piece of slate and killed. This suit by his administrator to recover damages for his death resulted in a verdict and judgment in favor of plaintiff for $1,000.00. The coal company appeals.

The facts are these: From off the entry a room-neck had been driven. Just beyond the neck was the room in which the decedent was at work blasting and digging coal. While so employed decedent was struck and killed by a piece of slate 10 or 12 feet long and 4 or 5 feet broad. The slate extended for a short distance into the neck. The decedent and his "buddy" had removed the coal from beneath the slate, but had failed to remove or prop the slate. Decedent was a miner of two years' experience. There is no evidence tending to show that decedent ever selected and marked any props to be taken to his room.

The only issue submitted to the jury was the alleged failure of the company to furnish props after decedent had selected and marked the same.

The coal company insists that a peremptory instruction should have gone in its favor. On the other hand, plaintiff contends that he was not only entitled to a judgment because of the state of the pleadings, but because there was sufficient evidence to take the case to the jury.

Plaintiff's first contention is based on the fact that an amended petition filed by him was not controverted. It appears, however, that after the amended petition was filed the papers in the case were lost or misplaced. Thereupon the parties consented to supply the pleadings and an agreed order was entered permitting plaintiff to file a substitute petition, with leave to the defendant to file an answer thereto and to plaintiff to reply to the answer. The substituted pleadings were filed and an order entered, providing that they should take the place of the original pleadings and constitute the record of the case. Thereafter the original pleadings were found and the clerk, in preparing the record for this court, copied the original pleadings only. Subsequently the record was amended and corrected by supplying copies of the substituted pleadings. In view of the fact that the substituted pleadings were filed under an order of court, providing that they should take the place of the original pleadings and constitute the record of the case, we think it clear that the original pleadings were superseded and ceased to be a part of the record, and, that being true, defendant's failure to controvert the allegations of the original amended petition in question cannot be relied on to sustain the judgment in this case.

The accident in this case occurred in 1912 and, therefore, prior to the amendment of section 2739b, Kentucky Statutes 1909, by subsections 4 and 5, section 2726, Kentucky Statutes, 1915. Section 2739b, *supra*, is as follows:

"Caps and Props to be Supplied to Miners.—Each owner, lessee or operator of every mine to which the mining laws of the State apply, shall provide and furnish to the miners employed in said mine a sufficient number of caps and props, said props to be sawed square at each end, to be used by said miners, in securing the roof in their rooms, and at such other working places where by law or custom of those usually engaged in such employment it is the duty of said miners to keep the roof propped, after the miner has selected and worked the same."

In interpreting. this section we have held that the word, "worked" is a clerical error and should be "marked." We have also held that the statute does not impose upon the mine owner the duty of furnishing caps and props until after the miner has selected and marked the caps and props which he desires. Palmer's Admx. v. Empire Coal Co., 162 Ky., 130. We have carefully considered the evidence in this case and it fails to show that the decedent ever selected and marked any caps and props to be delivered to his room.

Inasmuch as the accident occurred in decedent's room where the conditions were constantly changing, by reason of the removal of the coal by decedent and his co-employe, and where the duty of the propping or removing the slate devolved not upon the company but upon the decedent himself, it is clear that the safe place doctrine has no application. Big Hill Coal Co. v. Abney's Admr., 125 Ky., 355; Smith's Admr. v. North Jellico Coal Co., 131 Ky., 196; Stratton v. Northeast Coal Co., 164 Ky., 299; Wallsend Coal & Coke Co. v. Shield's Admr., 159 Ky., 644; and there being no evidence tending to show that the company failed or refused to furnish props after the decedent had selected and marked the same, we conclude that the trial court should have directed a verdict in favor of the company.

Judgment reversed and cause remanded for proceedings consistent with this opinion