## Mineral Fuel Company v. Johnson.

(Decided May 9, 1916.).

### Appeal from Letcher Circuit Court.

1. Master and Servant—Safe Place—Assumption of Risk.—The safe place doctrine has no application to a case where the very work in which the employer and employe are engaged is such as to render the place unsafe.

2. Master and Servant—Assumption of Risk.—An employer engaged in digging and removing the earth from a hillside assumes the

risk of injury from stepping on a rock that has been previously loosened by shots fired in his presence and the support of which he has himself removed by digging and running off the earth beneath.

WOOTON & MORGAN and HAGER & STEWART for appellant.

F. W. STOWERS, SAM C. STOWERS, FELIX G. FIELDS, W. K. BROWN and E. M. ROMINES for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Reversing.

In this action for damages for personal injuries, plaintiff, J. H. Johnson, recovered of the defendant, Mineral Fuel Company, a verdict and judgment for $750.00. Defendant appeals.

The facts are as follows: Plaintiff, who was thirty-six years of age, had been accustomed to hard labor for a number of years. During that time he worked on a farm, dug coal and engaged in logging. At the time of the accident he had been in defendant's employ for about four weeks. Defendant was then engaged in doing grade work for a motor road and plaintiff was one of the men who used a pick and shovel in the performance of this work. Some three or four days before the accident he was assigned to the work of "drawing slope," that is, scraping down and removing the dirt from the side of a hill. This hill was just above the mouth of mine 301 and ascended at an angle of about forty-five degrees. At the mouth there was a precipice ten or twelve feet high. Plaintiff worked at this job for one day. After being absent three or four days he returned to work. Previous to that time he had assisted in drilling some holes, in which shots were placed for the purpose of loosening the earth, and was present when these shots were fired. He says that the shots were some seven or ten feet away from the place where he was working when injured but they had loosened up the dirt. On his return to work he had been engaged in "drawing slope" for about a half day. Above him was a large rock. He pulled the dirt loose and ran it off until he had worked up to the rock. Though the shots had loosened the earth, he did not think they were sufficient to loosen large rocks. For the purpose of reaching the dirt beyond the rock he stepped on the rock and struck two licks. The rock turned loose from the cliff and threw him over between the rock and the bottom of the cliff.

To avoid the rock he twisted away from it, and by the time he got out of the way of the rock he was far enough down to pass over the cliff, and in falling sprained and broke one of the bones in his ankle.

Had the defendant sent an employe on the hillside to make the place safe for plaintiff, this employe could not have made the place safe except by doing the very work which plaintiff was required to do. It is suggested that plaintiff might have been furnished a ladder or a rope, but the evidence fails to show either that this was customary, or was practicable or necessary under the particular facts of this case. The case is simply one where the work in which both the master and the servant were engaged was such as to render the place unsafe. The effect of the shots was to loosen the earth, and the effect of plaintiff's digging below the rock and running the earth off was to loosen the support of the rock itself. While plaintiff had never "drawn slope" before, he had lived in the mountains practically all of his life and necessarily knew the danger of stepping on a loose rock located on a hillside. It was not necessary, therefore, to warn him of the fact that such a rock would probably fall after the earth had been loosened by blasting and the dirt below had been removed. Under the circumstances, the danger of stepping on a loose rock was one of the ordinary and usual risks incident to the business in which plaintiff was engaged, and the safe place doctrine has no application. It follows that the trial court should have directed a verdict in favor of the defendant. Big Hill Coal Co. v. Abney's Admr., 125 Ky. 355, 101 S. W. 394; Smith's Admr. v. North Jellico Coal Company, 131 Ky. 196, 114 S. W. 785, 28 L. R. A. (N. S.) 1266; American Milling Company v. Bell, 146 Ky. 68, 141 S. W. 1191; Russell v. W. E. Caldwell Company, 158 Ky. 229, 164 S. W. 787; Wallsend Coal and Coke Company v. Shield's Admr., 159 Ky. 644, 167 S. W. 918; Eagle Coal Company v. Patrick's Admr., 161 Ky. 333, 170 S. W. 960.

Judgment reversed and cause remanded for a new trial consistent with this opinion.